## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

SANDRA THOMPSON, on behalf of
herself and others similarly situated,

                Plaintiff,

                                    CASE NO.:

      vs.

BROWN & BROWN, INC.,

                Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

        Plaintiff, SANDRA THOMPSON ("Plaintiff"), on behalf of herself and other similarly situated employees, brings this action for unpaid overtime compensation, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b) (the "FLSA") against BROWN & BROWN, INC., ("Defendant").

## JURISDICTION AND VENUE

        1.      This is an action for damages and for declaratory relief, under the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs and relief as available under Florida common law.

        2.      The jurisdiction of the Court over this controversy is pursuant to 28 U.S.C. §1331 and the FLSA and supplemental jurisdiction pursuant to 28 U.S.C. §1367.

        3.      Venue is proper in this Court because the violations of the FLSA occurred in this Judicial District.

## PARTIES

4.     Plaintiff was employed as a broker assistant from May 2006 through May 26, 2016, and performed related activities for Defendants in Pinellas County, Florida. For example, Plaintiff's job duties answering phones, quote renewal and inspections.

5.     Defendant is a Florida for Profit Corporation that operates and conducts business in, among others, Pinellas County, Florida, and is therefore within the jurisdiction of this Court.

## STATEMENT OF FACTS

6.     This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

7.     This court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA.

8.     At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, as defined by 29 U.S.C. §§203(r) and 203(s). Defendant had gross revenues of at least $500,000.00 and employees engaged in commerce. Defendant's employees handle and use products that have been moved in or produced in commerce, such as pens, papers, and computers.

9.     Defendant is a company authorized and doing business in this Judicial District.

10.     Defendant is an employer as defined by the laws under which this action is brought and employs the required number of employees.

11.     As a broker assistant, Plaintiff was not exempt from the overtime requirement of the FLSA.

12.     At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Defendant did not pay Plaintiff overtime wages for those hours worked in excess of forty (40) within a work week.

13.     During her employment with Defendant, Plaintiff was not paid time and one-half her regular rate of pay for all hours worked in excess of forty (40) within a work week during one or more weeks of employment.

14.     Upon information and belief, the records, to the extent that any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession, custody and control of the Defendant.

15.     By Plaintiff's estimates, she routinely worked overtime, for which Plaintiff was not paid at one and one half times her regular rate of pay for all hours worked over 40.

16.      Upon information and belief, Defendant did not rely on and Department of Labor Wage and Hour Opinions or the advice of an attorney in creating its pay policies.

17.     Defendant had the resources to ensure compliance with the FLSA. Therefore, Defendant knew or should have known with reasonable diligence that their conduct violated the Fair Labor Standards Act.

<u>COUNT I</u>
<u>RECOVERY OF OVERTIME COMPENSATION</u>

18.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-17 above.

19.     Plaintiff was entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week.

20.     During her employment with Defendant, Plaintiff regularly worked overtime hours but was not paid time and one-half compensation for the same.

21.     As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages and is  incurring reasonable

attorneys' fees and costs.

22. Defendant was aware Plaintiff performed non-exempt job duties but still refused to pay Plaintiff overtime for hours worked over forty (40).

23. Defendant did not maintain and keep accurate time records as required by the FLSA for Plaintiff.

24. Defendant failed to post required FLSA informational listings as required by the FLSA.

25. Defendant's conduct was in reckless disregard of the overtime requirements of the FLSA.

26. Defendant willfully violated the FLSA.

27. Plaintiff is entitled to liquidated damages.

28. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff demands judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by her for which Defendant did not properly compensate her, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and all further relief that this Court deems to be just and appropriate.

<u>COUNT II</u>
<u>COLLECTIVE ACTION, VIOLATION OF FLSA</u>
<u>(FAILURE TO PAY OVERTIME)</u>

29. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-17 above.

30. At all times material, Defendants employed numerous other non-exempt employees who worked as broker assistants, performed similar job duties, were subject to the same unlawful pay practices, and who worked a substantial number of hours in excess of forty (40) per week.

31.     Defendants failed to pay individuals similarly situated to Plaintiff one and one half times their regular hourly rate, for all hours worked in excess of forty (40) in each week, in violation of the FLSA.

32.     Defendants' failure to pay such similarly situated individuals the required overtime rate was willful and in reckless disregard of the FLSA.

33.     As a direct and legal consequence of Defendants' unlawful acts, individuals similarly situated to Plaintiff have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

**WHEREFORE**, Plaintiff demands that similarly situated employees have judgment entered against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked over forty for which Defendants did not properly them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and all further relief that this Court deems to be just and appropriate.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 9th day of January, 2017.

**MORGAN & MORGAN, P.A.**

**/s/ *Marc R. Edelman***
MARC R. EDELMAN, ESQ.
Fla. Bar No. 0096342
Morgan & Morgan, P.A.
201 N. Franklin Street, Suite 700
Tampa, FL 33602
Telephone: 813-223-5505
Fax:  813-257-0572
Email: Medelman@forthepeople.com
*Attorney for Plaintiff*