UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SANDRA THOMPSON, on behalf of
herself and others similarly situated,

    Plaintiff,

v.

    Case No.:  8:17-00059-JDW-TBM

BROWN & BROWN, INC.,

    Defendant.
_____/

**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT
AND DISMISS CASE WITH PREJUDICE**

Plaintiff Sandra Thompson ("Plaintiff") and Defendant Brown & Brown, Inc., ("Defendant"), by and through their respective undersigned counsel, hereby file this Joint Motion to Approve Settlement Agreement and Dismiss Case with Prejudice, and state the following in support thereof:

1. Plaintiff filed suit against Defendant alleging that Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., by failing to pay her overtime wages. Defendant denies all liability and maintains that Plaintiff was paid all wages owed.

2. All parties to this action are seeking Court approval of the settlement.

3. After exchanging discovery, the Parties settled this matter. The Parties' Settlement Agreement is attached as **Exhibit A**.

4. In settling this matter, the Parties considered the fact that there were contested issues in the case. Plaintiff claims that she was misclassified as exempt and worked overtime hours while employed by Defendant. Defendant presented payroll documents and other evidence that contradicts Plaintiff's claim.

5. Plaintiff understands the burdens of proof and inherit risks associated with her overtime claim. The Parties understand settlement avoids the risk inherent in any litigation and gives certainty to the outcome of this litigation for all parties involved. For that reason, the Parties have settled this matter under the terms outlined in Exhibit A.

6. The Plaintiff's attorneys' fees were negotiated and agreed upon separately and without regard to the amounts paid to Plaintiff. The Parties agree that the attorneys' fees and costs are reasonable given the state of the litigation and the amount of work performed.

7. The Parties stipulate that the settlement reached between them represents a fair and reasonable resolution of Plaintiff's FLSA claim given Defendant's position, evidence presented, and disputed issues of fact and law.

## Legal Principles

In general, the minimum wage and overtime provisions of the FLSA are mandatory and not subject to negotiation or bargaining between employers and employees. *See e.g.*, *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945). This general rule recognizes that there are often inequalities in bargaining power between employees and employers. However, if certain conditions are met, an employee may settle and waive FLSA claims against an employer. Currently, there are only two ways in which claims under the FLSA can be settled and released by employees. First, Section 216(c) of the FLSA specifically allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); *Lynn's Foods Stores v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under Section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court a

proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. *Id.*

Therefore, an employee may properly settle and release FLSA claims against an employer without the supervision of the Secretary of Labor if (1) the settlement between the employer and the employee occurs in an adversarial context; (2) there are issues of FLSA coverage and/or computation that are actually in dispute; and (3) the district court enters a judgment approving the settlement after scrutinizing the fairness of the settlement. *Id*. at 1354.

## **Analysis**

The instant case plainly involves a situation in which the Court may allow Plaintiff to settle and release her claims against Defendant. The proposed settlement arises out of an adversarial context. Defendant disputes that Plaintiff was misclassified as exempt, disputes her calculation of overtime hours and disputes any claim for owed overtime wages. All Parties have been represented by experienced labor counsel throughout this litigation. The Parties' agreement to resolve this matter is not the result of any fraud or collusion by, between or among any of the Parties or counsel for the Parties. The Parties' respective attorneys have zealously represented their clients' interests since the commencement of this litigation. Plaintiff has agreed to the settlement amount and believes it to be a fair and reasonable compromise of her claim.

Another factor in favor of approving the settlement is that there were contested issues in the case. Defendant presented credible evidence in support of its position that Plaintiff was properly classified as exempt. Settlement avoids the risk inherent in any litigation and gives certainty to the outcome of this litigation for all parties involved. Thus, Plaintiff and Defendant believe that the Settlement Agreement represents a fair and equitable compromise that allows them to proceed without the disruptions, inconveniences and risks inherent in litigation.

## **Conclusion**

The Parties jointly move this Court to approve the proposed Settlement Agreement, and thereafter dismiss the case with prejudice.

| | |
|---|---|
| Dated: September 14, 2017 | Dated: September 14, 2017 |
| | |
| s/ Marc R. Edelman | s/ Todd S. Aidman |
| Marc R. Edelman | Todd S. Aidman |
| Florida Bar No. 0096342 | Florida Bar No. 173029 |
| medelman@forthepeople.com | taidman@fordharrison.com |
| Morgan & Morgan, P.A. | David M. Kalteux |
| 201 N. Franklin Street, Suite 700 | Florida Bar No. 118746 |
| Tampa, FL 33602 | dkalteux@fordharrison.com |
| Telephone:  (813) 223-5505 | Ford & Harrison LLP |
| Facsimile:  (813) 257-0572 | 101 E. Kennedy Boulevard, Suite 900 |
| | Tampa, Florida  33602 |
| Counsel for Plaintiff | Telephone: (813) 261-7800 |
| | Facsimile:  (813) 261-7899 |
| | |
| | Counsel for Defendant |

WSACTIVELLP:9281088.1